Neil *v.* Smith.

LUCINDA NEIL, by next friend, etc., *v.* SMITH, administrator of John Kincaid, deceased, *et als.*

1. MARRIED WOMEN. *Sale of land. Privy examination.* Where land had been sold for partition, and sale confirmed, while the *feme* was *sole,* she married, the husband regularly made party, the case remaining in court for the collection of the purchase money and distribution. On report made by the clerk, showing the purchase money paid to the husband and wife, this report confirmed, and title vested. *Held,* the wife could not sustain a bill to recover the money again, upon allegation that she had not received it, and the decree did not show on its face that she had been examined privily, as required by act of 1852. It is presumed, from the finding of the decree, that the payment was made according to law. The decree is an adjudication of the fact of payment, to which she is party, and bound by it till reversed or set aside.

2. SAME. *Same. A decree that fails to show upon its face privy examination, may be attacked for fraud. When.* Such decree could be attacked for fraud in obtaining it, but such fraud must be clearly adjudged and facts stated constituting it, charged in the bill; a mere general statement, without any facts charged, is not sufficient.

FROM CAMPBELL.

Appeal from the Chancery Court at Jacksboro. O. P. TEMPLE, Ch.

GIBSON for complainant.

HENDERSON & JOUROLMAN for defendants.

FREEMAN J., delivered the opinion of the court.

In September, 1854, on petition to which complainant, then Lucinda Flalford, a *feme sole,* and over twenty-one years of age, and the other heirs of John

Craig, deceased, were parties, lands were decreed to be sold for partition, by the Circuit Court of Claiborne county. The sale was made in October afterwards, the sale reported to the court at the January term, 1855, and regularly confirmed by the court, and the case retained in court for collection and disposition of the purchase money.

In the latter part of the year 1855, after the confirmation, complainant intermarried with one Neil, and he was then made party to the proceedings, and so continued, as appears from the record in that case, actively engaged in prosecuting their rights under the proceedings, until the final decree in 1858.

By that decree, it appears, the clerk reported to the court that all the purchase money was paid, which report was unexcepted to, and confirmed by the court, and that Kincaid, the purchaser, had overpaid Neil and wife a small sum, which had been repaid by Neil and wife. Thereupon the court proceeded to divest the title out of the parties, which had not been done before, and vest it in Kincaid, the purchaser, and adjudged the costs. No appeal was prosecuted from this decree, but all parties rested satisfied with it, until the wife, by next friend, filed this bill. In it she goes mainly on the ground that the sale was irregular and void, but immediately states that the money had never been paid to her, and now, under the general prayer of the bill, seeks to have it paid to her. This is maintained on the ground that the money was not paid to her under the provisions of the act of 1852, sec. 2, which is as follows:

"That the proceeds of real or personal property sold by order of the Circuit, Chancery or County courts, belonging to a married woman, shall not be paid to any person whatever, unless by consent of the married woman, after being privately examined by the judge, etc., or unless a deed or power of attorney has been executed by husband and wife, and her private examination taken according to law, etc."

We need not decide the question whether this is a case under the section quoted, the land having been sold and sale confirmed before the marriage of the present complainant. It suffices that, on another ground, we are clear the bill should be dismissed.

The final decree, to which husband and wife are parties, expressly adjudges the fact that the money had been paid, and even overpaid, to Neil and wife, and they have paid part of it back. That decree stands unappealed from and unreversed. That decree, reciting the fact that the money was paid to the party, must be held to adjudge that it was paid according to law, and must preclude the parties to it, unless it be attacked or obtained by fraud, and the facts constituting that fraud specified and proven. No such facts are charged in the bill. It is true the general statement is found in the bill that the decree was obtained "by false and fraudulent suggestions, and by imposing on the court," but no facts constituting said frauds are alleged, but only the fact that the decree does not, on its face, show sufficient facts to support a divestiture of title, she being a married woman. We hold it does show such facts as were

sufficient, because it shows the money had been paid, and it was the duty of the court then to divest the title.    It certainly was not necessary to recite how it was done.    No fraud being charged, that is, no facts. constituting fraud, except the one we have quoted, the case presents no ground on which to attack the decree in this direction, and only goes on the idea that the fact was not true that the money had' been properly paid out or received.    That was the very question adjudged by the decree, that it had been paid, and on which the parties might have made a contest at the time, by excepting to the report and requiring proof of the fact of payment; and if the court erred, might have appealed and had the decree contested. While that decree stands, the question of payment for the land is *res adjudicata*, and complainant is not entitled to have it paid again as she now seeks to do. The decree of the Chancellor holding otherwise is reversed, and the bill dismissed, with costs of this court and the court below.